STATE OF CONNECTICUT *v.* STEPHEN DASKAM
(4978)

HULL, BORDEN and SPALLONE, Js.

Argued January 14—decision released March 3, 1987

*Jon C. Blue,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

---

*C. Robert Satti, Jr.,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

HULL, J. After a trial to a jury, the defendant was found guilty of robbery in the first degree, in violation of General Statutes § 53a-134 (a) (3), and assault in the second degree, in violation of General Statutes § 53a-60 (a) (2). From the judgment of conviction, the defendant has appealed claiming (1) that the court erred in refusing to allow the defendant to present testimony that the complaining witness had made prior statements which were inconsistent with his testimony, and (2) that the court did not obey the mandate of General Statutes § 54-89a, to the effect that the court must inform the jury of the consequences for the defendant if he were to be found not guilty by reason of mental disease or defect, and of the confinement and release provisions of General Statutes §§ 17-257a through 17-257w. We conclude that the court erred in not allowing evidence of the prior inconsistent statements. We conclude that we need not reach the second issue.

The facts are not in dispute. On the morning of July 31, 1984, James Dellamarggio and the defendant were on the front porch of the house in which Dellamarggio lived. The two had known each other for many years. At some point, Dellamarggio sent the defendant to a store to purchase cigarettes, and the defendant saw Dellamarggio take some money out of his pocket. After about an hour had passed, the defendant asked to use Dellamarggio's bathroom, and went up to Dellamarggio's apartment on the second floor of the house. Dellamarggio went up to his room to change his shoes. A minute or two later, while Dellamarggio was bent over tying his shoes, the defendant came up behind him with a butcher knife from the kitchen and "in the same motion" stabbed him in the back and took

$100 from his back pocket. The defendant ran down the stairs, and Dellamarggio yelled to Carson Davis, a downstairs neighbor, to stop him. The defendant then dropped the knife and ran out the door. Davis took Dellamarggio to the hospital, where he stayed overnight.

The only contested issue at trial was the defendant's state of mind at the time of the crime. The defendant contended that he was not guilty by reason of insanity. This issue was the dominant subject of Dellamarggio's testimony on cross-examination and on redirect. He acknowledged on cross-examination that, prior to the trial, he had discussed the case with the defendant's attorney and another person. He repeatedly denied, however, having said at that time that the defendant had not known what he was doing until after the incident.

George Dominguez, an investigator for the public defender's office, testified about a meeting he had with defense counsel and Dellamarggio. When Dominguez was asked by defense counsel what Dellamarggio had said, the state objected. The objection was sustained despite defense counsel's claim that the testimony was admissible under the prior inconsistent statement exception to the hearsay rule.[1]

---

[1] It should be noted that the record leaves no doubt as to what Dominguez' answers would have been. Prior to his testimony, the defendant had called Dellamarggio's attention to the statements attributed to him. The questions put to Dominiguez were obviously designed to elicit testimony concerning these very statements. Further, a memorandum containing these very statements was subsequently marked and admitted for identification. Under these circumstances, the three-pronged offer of proof test of *State v. Conrod,* 198 Conn. 592, 597, 504 A.2d 494 (1986), is plainly satisfied. First, the defendant informed the court of the legal theory under which the offered evidence was admissible, namely prior inconsistent statements. Second, the defendant informed the trial judge of the specific nature of the offered evidence, both by the questions put to Dellamarggio and by the defendant's exhibit for identification. Third, the questions put to Dellamarggio, the questions put to Dominguez, and the defendant's exhibit for identification create a record fully adequate for appellate review.

The defendant's first claim is that the court erred in refusing to admit the prior inconsistent statements of Dellamarggio. We agree.

"The elementary rule of evidence that the credibility of a witness may be attacked by showing a materially inconsistent prior statement made by that witness is well settled in our law. *State* v. *Carter,* 189 Conn. 631, 639–40, 458 A.2d 379 (1983) . . . ." *State* v. *Cardona,* 6 Conn. App. 124, 130, 504 A.2d 1061 (1986). The accepted foundation for the introduction of such a statement is to ask the witness on cross-examination whether he made the alleged statement, alerting him to the time and place. *G & R Tire Distributors, Inc.* v. *Allstate Ins. Co.,* 177 Conn. 58, 61, 411 A.2d 31 (1979); *State* v. *Saia,* 172 Conn. 37, 46, 372 A.2d 144 (1976); C. Tait & J. LaPlante, Connecticut Evidence § 7.24.

In the present case, Dellamarggio testified on cross-examination that the defendant "knew what he was doing" at the time of the crime. His proffered previous statements that the defendant did not know what he was doing until after the incident, that his face was like somebody waking up or coming back from being unconscious, and that the defendant had not intended to assault or rob him, were obviously inconsistent with the version presented on the stand. Further, the subject matter of the conflicting statements—the defendant's state of mind—was the central issue in the case. It was therefore clearly material and not collateral.

The state cites *G & R Tire Distributors, Inc.* v. *Allstate Ins. Co.,* supra, for the proposition that where, as here, a witness admits making a prior statement which is claimed to have been inconsistent, there is no need for extrinsic evidence. In this case, Dellamarggio admitted that he made a statement that "you should have seen his face. It was like somebody waking up

or coming back from being unconscious." He further admitted saying, "He is not a criminal." We do not find the state's argument persuasive, however, because Dellamarggio consistently refused to admit that he had stated that the defendant "didn't know what he was doing." This material statement cannot be overlooked. This is not a situation where there is "no need for further proof of inconsistency" and "additional evidence of inconsistency would be merely cumulative . . . ." *G & R Tire Distributors, Inc.* v. *Allstate Ins. Co.*, supra. We therefore conclude that the trial court erred in refusing to allow testimony regarding Dellamarggio's prior inconsistent statements.

Our conclusion is dispositive of this appeal. It is not clear that the defendant's second claim, that the trial court's jury charge pursuant to General Statutes § 54-89a was inadequate and confusing, will recur on the retrial. We therefore will not review it.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.